# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 26, 2024

```
* * * * * * * * * * *   *
COYT M. KARRIKER,                 *
                                  *
            Petitioner,           *          No. 19-227V
                                  *
v.                                *          Special Master Gowen
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
* * * * * * * * * * *   *
```

*Nancy R. Meyers,* Turning Point Litigation, Greensboro, NC, for petitioner.
*Ryan P. Miller,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 5, 2024, Coyt Karriker ("petitioner") filed a motion for interim attorneys' fees and costs. Petitioner Interim Fees Application ("Int. Fee App.") (ECF No. 82). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and finds that an award of $121,553.22 is reasonable for interim attorneys' fees and costs.

### I.    Procedural History

Petitioner filed his claim in the National Vaccine Injury Compensation Program ("NVICP") on February 8, 2019.[2] Petition (ECF No. 1). The Finding of Facts and Conclusions of Law I issued on May 2, 2023 includes the procedural history from the time petitioner filed his

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

claim to the issuance of that Ruling.  Finding of Fact (ECF No. 57).  The procedural history from the Finding of Fact is incorporated forthwith and this procedural history is limited from the issuance of that Ruling to present.

After the Finding of Fact was issued, the parties were engaged in litigative risk settlement negotiations until August 30, 2024.  In a joint status report file on August 30, 2024, the parties explained that they have been unable to resolve this case informally and requested a briefing schedule be set.  Joint Status Report (ECF No. 80).

On November 5, 2024, petitioner filed this motion for interim attorneys' fees and costs, requesting a total of $122,178.22 in attorneys' fees and costs.  Int. Fee App. at 2.  Specifically, petitioner is requesting a $87,975.72 in attorneys' fees and costs for his counsel, Ms. Meyers at Turning Point Litigation and $24,165.50 in attorneys' fees and costs for when his counsel handled his case at Ward Black Law.  *Id.* at 1.  Additionally, petitioner is requesting $10,037.00 in attorneys' costs.  *Id.*

Respondent file a response to petitioner's motion on November 14, 2024, stating that respondent defers to the special master "to determine whether or not petitioner has met the legal standard for an interim fees and costs award," and for the Special Master to "exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Resp't Response at 4-5 (ECF No. 83).  Petitioner filed a reply on November 15, 2024, stating that petitioner "concurs with respondent's recommendation that the special master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs."  Pet'r Reply (ECF No. 84).

This matter is now ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### A.  Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  In this case, respondent does not contest that this petition was filed in good faith and I find that, petitioner has a good faith belief that his GBS was caused by the influenza vaccine.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Petitioner filed accompanying medical records to support his petition, in addition, to filing reports from an expert to support his claim for vaccine causation. As such, I find that there is a reasonable basis to award petitioner interim attorneys' fees and costs.

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This case has been pending since 2019 and the total amount of attorneys' fees requested exceeds $30,000.00. Although petitioner is requesting expert costs lower than $15,000.00, Dr. Steinman provided his opinion in this matter, the total attorneys' costs is nearly $13,000.00. *See* Int. Fee App. Attachments ("Attch.") 1-3. A fact hearing has already been held in this matter and the parties have moved for a ruling on entitlement, resulting in additional attorneys' fees. As such, I find that an award of interim attorneys' fees and costs is appropriate at this time.

## III.    Reasonable Attorneys' Fees and Costs

### A.  Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Attorneys' Fees and Costs

#### 1. Attorneys' Fees and Costs for Ms. Nancy Meyers at Ward Black Law

When petitioner initiated his claim, his attorney, Ms. Meyers was employed at the Ward Black Law firm. The total amount of attorneys' fees petitioner is requesting for the time that Ms. Meyers worked at Ward Black Law is $23,735.50. Counsel worked on petitioner's case while at Ward Black Law from 2017 to 2020. Ms. Meyers rate in 2017 was $350.00 per hour; $375.00 per hour for work performed in 2018; $390.00 per hour for work performed in 2019; and $400.00 for work performed in 2020. Int. Fees App. Att. 2. Additionally, paralegals at Ward Black Law firm charged $145.00-150.00 per hour for the same time period. *Id.* These rates are consistent with what Ms. Meyers has been awarded in the past while working at Ward Black Law and her hourly rate for that time period will not be adjusted. *See Vaughters v. Sec'y of Health & Hum. Servs.,* No. 18-581V, 2019 WL 6826009 (Fed. Cl. Spec. Mstr. Nov. 18, 2019); *Smith v. Sec'y of Health & Hum. Servs.,* No. 18-462V, 2020 WL 4578593 (Fed. Cl. Spec. Mstr. July 7, 2020) (approving a rate of $400.00 per hour for work performed in 2020).

I have also reviewed the billing sheet that Ms. Meyers submitted, and the overall hours spent on this matter appear to be reasonable. The billing statement adequately describes the work done on the case and the amount of time spent on the work. Accordingly, the total attorneys' fees for Ward Black Law of $23,735.50 shall be awarded in full.

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner is requesting a total of $430.00 in attorneys' costs for Ward Black Law. Int. Fees App. Attch. 2. These costs include the filing fee and obtaining medical records. Accordingly, these fees will be paid in full.

#### 2. Attorneys' Fees and Costs for Ms. Nancy Meyers at Turning Point Litigation

4

Petitioner is requesting that Ms. Meyers be reimbursed for a total of $86,838.50 in attorneys' fees for her work on this matter from 2020-2024 at Turning Point Litigation.  Int. Fees App. Attch. 1.  Ms. Meyers is requesting an hourly rate of $430 per hour for work performed in 2021; $460.00 per hour for work performed in 2022; $490.00 per hour for work performed in 2023; and $530.00 per hour for work performed in 2024.  The requested rates for Ms. Meyers for this time period have previously been awarded by other Special Masters and therefore, will not be adjusted.  *See Pappas v. Sec'y of Health & Hum. Servs.,* No. 21-1690V, 2024 WL 3045308 (Fed. Cl. Spec. Mstr. May 13, 2024).

However, the 2024 rates charged by attorney Tyler Nullmeyer need to be adjusted for the work performed on petitioner's case in 2024.  Attorney Nullmeyer charged $315.00 per hour for work performed in 2024.  In the billing sheet for Turning Point Litigation, it indicates that Tyler Nullmeyer has six years of legal experience as of 2024.  Int. Fees App. Attch. 1 at 1.  The hourly rate range in the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2024 for attorneys with 4-7 years of experience is $204-$305 per hour.  **Accordingly, I will adjust the hourly rate for Tyler Nullmeyer to $290.00 per hour, resulting in a reduction of attorney fees paid to Turning Point Litigation by $625.00.**

Petitioner is requesting a total of $11,174.22 in attorneys' costs incurred by Turning Point Litigation.  A majority of these costs is associated with the work performed by Dr. Lawrence Steinman, who is requesting $10,037.00 at an hourly rate of $550.00 per hour.  Int. Fees. App. Attch. 1 at 27.  Dr. Steinman reviewed petitioner's medical records and he provided an expert report.  Dr. Steinman's rate of $550.00 per hour has been awarded by myself and other special masters in the program.  Accordingly, I find this amount to be reasonable.  The other costs incurred by the Turning Point Litigation law firm, totaling $1,137.22, include paying for a transcript for the fact hearing, postage, legal research fees, obtaining medical records, and the opinion of Dr. Russ Bodner, who provided a statement regarding the onset of petitioner's symptoms.   Petitioner submitted invoices to document such costs.  Accordingly, these costs will be paid in full.

## IV.     Conclusion

In accordance with the above, I find that the following are reasonable interim attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees for Ward Black Law Requested: | $23,735.50 |
| (Reductions) | ------------ |
| Attorneys' Costs for Ward Black Law Requested: | $430.00 |
| **Total Attorneys' Fees and Costs to Ward Black Law:** | **$24,165.50** |
| | |
| Attorneys' Fees for Turning Point Litigation Requested: | $86,838.50 |
| (Reduction in Attorneys' Fees): | ($625.00) |
| **Total Attorneys' Fees for Turning Point Litigation:** | **$86,213.50** |
| | |
| Attorneys' Costs for Turning Point Litigation Requested: | $11,174.22 |

(Reduction in Attorneys' Costs)                                    -------------
**Total Attorneys' Fees and Costs to Turning Point Litigation**:    **$97,387.72**

**Total Interim Attorneys' Fees and Costs:**                        **$121,553.22**

**Accordingly, I award the following:**

1)  **A lump sum payment of $121,553.22 in interim attorneys' fees and costs in the form of a check payable jointly to petitioner and counsel's current law firm, Turning Point Litigation.[3]**

In the absence of timely filed motion for review, the Clerk of the Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Petitioner's counsel represents that she will ensure that the funds are paid to Ward Black Law in accordance with this decision.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.